Judgment reversed, and a <em>procedendo</em> awarded.

# Hultz *versus* Gibbs.

1. When a husband without reasonable cause forces his wife to withdraw from him, without any means of support, the law implies that he has given her credit to supply herself with such necessaries as are suitable for her.

2. In order to recover for necessaries furnished a wife under such circumstances, the party claiming must make out a case negativing a captious voluntary abandonment by the wife and show that she has been turned out or forced to leave the husband's residence.

3. A rule of court provided that if a plaintiff should file "the items of his claim and statement of facts necessary to support it" * * * such facts as should not be denied by an affidavit of defence should be taken as admitted. *It seems*, that in a claim for necessaries furnished a deserted wife, the plaintiff should state such facts as would bring him within the rule authorizing him to furnish the necessaries.

4. A plaintiff filed a claim against a husband, specifying the items for boarding his wife; the defendant's affidavit was that he was "not indebted to plaintiff in any sum whatever," that if he boarded his wife it was without his consent; that "she had voluntarily left his house without cause as the plaintiff knew and affiant here denies the affidavit of claim." *Held*, sufficient to prevent the claim being read in evidence.

November 1st 1870.  Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Allegheny county:* No. 189, to October and November Term 1869.

This was an action of assumpsit to September Term 1868 by James Gibbs against Zedick Hultz.

The plaintiff filed with his precipe an affidavit of his claim, viz.: "that Zedick Hultz, the above defendant, is justly indebted to him in the sum of four hundred and sixty-five dollars for the boarding of his (said Hultz's) wife at the rate or price of $5 per week, all of which is due and unpaid." A copy of the account stating the items was attached.

The defendant filed an affidavit as follows :—

"Zedick Hultz, defendant, being duly sworn, says that he is not indebted to plaintiff in any sum whatever.  That if he boarded the wife of affiant, it was without the consent or desire of affiant, and after she had voluntarily left the house of affiant without just cause, as plaintiff knew ; and affiant here denies the affidavit of claim of plaintiff."

[Hultz *v.* Gibbs.]

The 5th rule of the Court of Common Pleas of Allegheny county is :—" If the plaintiff shall file with his precipe a specification of the items of his claim, and statement of facts necessary to support it, verified by affidavit, such item of the claim and material averments of the fact as are not directly traversed or denied by the affidavit of defence shall be taken as admitted."

The plaintiff, on the trial before Sterrett, P. J., offered his account and statement of facts as contained in his affidavit of claim. It was objected to by the defendant because it was denied by affidavit of defence.

The court admitted the evidence and sealed a bill of exceptions, Judge Sterrett saying : " Under the 5th rule of court, the items of claim and material averments of facts, not directly traversed or denied, are taken as admitted. The defendant does not directly traverse or deny the items of plaintiff's claim—does not deny that his wife boarded with plaintiff, or object that the price per week paid is too much. He seems rather to put his defence on the ground that the boarding was furnished without his consent or desire, and after his wife had voluntarily left him without just cause, as the plaintiff knew. This may be shown by the defendant as a matter of defence."

The verdict was for the plaintiff for $465, and the defendant took out a writ of error.

The foregoing remarks of Judge Sterrett were treated as the charge; no charge was filed in the case.

All the assignments related to errors alleged to the " charge," but involving only the question of the admissibility of the evidence contained in the bill of exceptions.

*T. M. Marshall*, for plaintiff in error, referred to Act of June 16th 1836, § 21, Pamph. L. 792, Purd. 162, pl. 141; Wilkins *v.* Anderson, 1 Jones 405; Mylin's Appeal, 7 Watts 65.

*J. R. Large* (with whom were *Jones & Pearson*), for defendant in error, referred to Brown *v.* Street, 6 W. & S. 221.

The opinion of the court was delivered, November 14th 1870, by

THOMPSON, C. J.—When a husband turns his wife out of doors without any reasonable or just cause, or forces her to withdraw from him, without any means for her support, the law implies that he has given her credit, to supply herself with such necessaries as are suitable and proper for her to have; namely : clothing, boarding, lodging, and the like. Her condition would be deplorable, indeed, if this were not so, because of her inability to contract for such things, and to obtain them, if she happens to have no separate estate. When, therefore, necessaries are furnished to a wife so situated on the credit of the husband, the party claiming

[Hultz *v.* Gibbs.]

to be paid for them must bring himself, in order to recover for them, within the rule stated. He must make out a case which shall negative all idea of a captious, voluntary abandonment of the husband's domicil, and show that she has either been turned out, or forced to leave his residence : Walker *v.* Simpson, 7 W. & S. 85, and the authorities therein referred to.

When the plaintiff below filed the items of his claim, he ought I think to have set forth in his affidavit of claim enough to bring himself within the rule of law authorizing him to furnish the boarding to defendant's wife and charge her husband with it, but this he did not do. He might easily have done it, as he knew the defendant had not employed him to furnish the boarding. But take it as the learned judge interpreted the rule of court, that this was matter of defence—did not the defendant set it up in his affidavit of defence most explicitly ? He denied his indebtedness " to the plaintiff in any sense whatever," and added " that if he boarded the wife of the affiant, it was without the consent or desire of affiant, and after she had voluntarily left the house of affiant without just cause, as the plaintiff knew." This was certainly a denial of material averments in the plaintiff's affidavit of claim, because if true, there was no indebtedness by him on account of the boarding furnished which constituted the items of the plaintiff's bill. This disclosed plainly the nature of the defence as required in the decisions referred to. But if, as thought, the items of the bill required to be traversed, the defendant did traverse them all by adding " and the affiant here denies the affidavit of claim of plaintiff." That affidavit, allowed by the rule of court, averred the truth of the plaintiff's claim as set forth in his bill of items. The defendant denied it, generally and specially, and this was all that the rule required to overturn the effect of the plaintiff's claim as sustained by his affidavit and to exclude it from the jury. The learned judge took a different view of the matter and admitted the plaintiff's claim and affidavit under objection, and we think in this he erred. When the defendant in his affidavit of defence sufficiently denies the plaintiff's claim according to rule, which is a question of fact for the court, it excludes the plaintiff's claim unless it be supported by testimony. This we think is certainly its operation. The mistake of the learned judge was not as to the operation of the rule of court, but in supposing that the defendant had not brought himself within the rule in his denial of the claim. As already said we think he did, and this threw out the plaintiff's claim for want of proof in order to get it to the jury. It was only evidence at best on the ground of an implied admission because not denied. When denied there was no ground for its admission at all, and the parties fell back on their common law rights and requirement of proof. This we think plain. No doubt the defendant might have taken advantage of the error of allowing the plaintiff's affidavit and claim to be read,

[Hultz *v.* Gibbs.]

by asking the court to charge the jury that there was no testimony to support the plaintiff's claim, if he had sufficiently denied it, and excepted to the charge of the point if refused. But this mode did not preclude a resort to the mode adopted, which was much fairer to the plaintiff, for he was apprised by it of the objection to his recovery in time to supply the defect by proof, if he had any. It is enough, however, to say that the question of the effect of the defendant's affidavit of defence is sufficiently raised in the exception to the admission of the plaintiff's claim to the jury, and for the error in this we are constrained to reverse this judgment.

It should have attracted the attention of the counsel on one side or the other that there was no charge filed in the case. The matter of exception was to the question of evidence. It has caused us some trouble, which would have been avoided if the counsel had taken the pains to be accurate in stating the matter as it was. Both paper-books treat the note of the judge explanatory of his ruling on the question of evidence, as his charge. There is no charge on record. We commend the counsel to more care in future.

Judgment reversed, and *venire de novo* awarded.

WILLIAMS, J., dissented on the ground that no error is assigned to the admission of the evidence and because the evidence was properly received under the rule of court.