## Monahan v. Auman, Appellant.

*Husband and wife—Necessaries—Suit for necessaries furnished wife—*
*Desertion—Change of residence by husband.*

1. Where a husband deserts his wife or wrongfully compels her to withdraw from him without means of support there is an implication of law that her husband has given her credit to obtain the necessaries suitable to her condition. He who furnishes necessaries to a wife so separated, on the credit of her husband, does so at his risk and must show that she has been abandoned by her husband or has been forced to leave his residence.

2. The fact that a husband has gone to another place than that in which he has recently been living does not create a presumption of desertion. He may lawfully change his residence. The wisdom of such a change is not a subject for the judgment of the court. There would be a serious abridgment of personal liberty if this right were subject to legal review. Where a husband changes his residence from a consideration of convenience or business advantage it is, generally speaking, the duty of his wife to accompany him, where he provides a home for her, and her refusal so to do without legal excuse amounts to desertion.

3. A married woman may not establish a home for herself or take up lodgings with her parents or elsewhere at her husband's expense unless she have such ground for separating from him as would entitle her to a divorce.

4. In an action by a father against his daughter's husband to recover for necessaries furnished to the daughter and her children, the husband may show what his earnings were, and that he sent to his wife each month "a good share" of such earnings.

5. In such a case if the husband shows that he left his wife and went to another city in order to secure work, and that he offered to provide a home there, which she had refused, the case is for the jury, and it is reversible error for the court to charge as a matter of law, that plaintiff is entitled to recover.

Argued March 2, 1909. Appeal, No. 35, March T., 1909, by defendant, from judgment of C. P. Luzerne Co., May T., 1907, No. 106, on verdict for plaintiff in case of F. J. Monahan v. William H. Auman, Jr. Before Rice, P. J., Porter, Henderson, Morrison, Head and Beaver, JJ. Reversed.

Assumpsit to recover for necessaries furnished defendant's wife and children. Before Halsey, J.

The facts are stated in the opinion of the Superior Court.

At the trial when the defendant was on the stand he was asked this question:

"Q. Mr. Auman, from the time you left Wilkes-Barre here and went to Philadelphia up until March, the time this suit was entered, about how much did you make a year, average?"

Plaintiff's counsel: Object to that as not being material.

The Court: Objection sustained.

Defendant's counsel: Expect to follow this with evidence that the defendant sent to his wife each month a good share of the defendant's earnings up to the present time. Our defense here, if your honor please, is that there was no desertion. Give us the benefit of an exception and sealed bill.

The Court: Yes, sir. Exception noted for defendant and bill sealed. [10]

Defendant presented the following points:

1. If the jury believes the evidence of the defendant that he offered his wife a home in Philadelphia, and she refused to live with him, without reasonable and legal cause, your verdict must be for the defendant. *Answer:* Refused. [1]

2. If the jury believes that the defendant's wife refused to return to him, and such refusal was not based upon such a cause as would entitle her to a divorce, then your verdict must be for the defendant. *Answer:* Refused. [2]

3. If the jury believes that the conduct of the defendant was not such as endangered his wife's life, and of the offer of such indignities to her person, as to render her condition intolerable, and life burdensome, she would not have a just cause under the laws for refusing to live with her husband, and your verdict must be for the defendant. Refused. [3]

The court charged in part as follows:

[Well, now, she had to be supported, and she went into her father's family, to be maintained, to be fed and clothed. Now the issue here is, was she there by virtue of a relation under the law, which justifies a recovery here for her maintenance against the husband. In our judgment she was, and we so direct you.] [11]

*Errors assigned* were (1, 2, 3, 11) above instructions, quoting them, and (10) rulings on evidence, quoting the bill of exceptions.

*Edward C. Klonower*, with him *James L. Lenahan*, for appellant.—This was assumpsit for goods sold and delivered to the wife of the defendant below. She was living apart from her husband. To justify a recovery, it was necessary for the plaintiff to show: 1. That the goods were delivered. 2. That they were necessaries, and 3. That the wife had separated from her husband for good cause: Breinig v. Meitzler, 23 Pa. 156; Angier v. Angier, 7 Phila. 305; Cutler v. Cutler, 2 Brewster, 511; Van Dyke v. Van Dyke, 135 Pa. 459; Eshbach v. Eshbach, 23 Pa. 343; Detrick's App., 117 Pa. 452; Cattison v. Cattison, 22 Pa. 275; May v. May, 62 Pa. 206; Cannon v. Windsor, 1 Houston (Del.), 143; Seibert's App., 19 Pa. 49; Fitch v. Peckam, 16 Vt. 150; Sharp v. Crospey, 11 Barb. (N. Y.) 224; Chilcott v. Trimble, 13 Barb. 502.

*M. J. Mulhall*, with him *W. L. Raeder*, for appellee, cited: Llewellyn v. Levy, 163 Pa. 647; Hultz v. Gibbs, 66 Pa. 360; Cunningham v. Irwin, 7 S. & R. 247.

OPINION BY HENDERSON, J., April 12, 1909:

The plaintiff's action is on an implied assumpsit for board, lodging, clothing, medical supplies, etc., furnished to the wife of the defendant who is the plaintiff's daughter. The right of recovery is founded on the allegation that the defendant separated himself from his wife and children without legal cause and without having made provision for their maintenance as their necessities demanded and his financial condition permitted. The facts set forth in the declaration imposed on the plaintiff the burden of showing that the defendant's wife was living apart from him for justifiable reasons, for an action would only lie against the husband for the maintenance of his wife, where she was separated from her husband, when such separation was for good cause, in the absence of an express agreement to that effect. Where a husband deserts his wife or wrongfully

compels her to withdraw from him without means of support there is an implication of law that her husband has given her credit to obtain the necessaries suitable to her condition. He who furnishes necessaries to a wife so separated, on the credit of her husband, does so at his risk and must show that she has been abandoned by her husband or has been forced to leave his residence: 2 Kent's Com. 146; Cunningham v. Irwin, 7 S. & R. 247; Walker v. Simpson, 7 W. & S. 83; Breinig v. Meitzler, 23 Pa. 159; Hultz v. Gibbs, 66 Pa. 360. The fact that a husband has gone to another place than that in which he has recently been living does not create a presumption of desertion. He may lawfully change his residence. The wisdom of such a change is not a subject for the judgment of the court. There would be a serious abridgment of personal liberty if this right were subject to legal review. Where a husband changes his residence from a consideration of convenience or business advantage it is, generally speaking, the duty of his wife to accompany him, where he provides a home for her, and her refusal so to do without legal excuse amounts to desertion: Beck v. Beck, 163 Pa. 649; and in such case the husband is not liable to a third person for her support. Evidence was offered by the plaintiff tending to show desertion. It was proved that the defendant went to Philadelphia in 1903; that his wife then returned to her father's home; that the defendant remained away for about four years; that a proceedings was instituted against him, apparently under the Act of April 13, 1867, P. L. 78, for not supporting his wife, in which proceeding a decree was entered against the defendant for the payment of $17.00 per month and the plaintiff testified that his daughter and her children had lived with him and that he had maintained them. In reply to this evidence the defendant testified that he went to Philadelphia, where he had formerly lived and where his father lived, to secure work; that his wife consented to his going; that as soon as he secured employment he began to remit money to his wife for her support and had continued so to do up to the time of the trial; that he wrote to her to come to Philadelphia and that he would provide her a home; that she neglected so to do and never replied to his letters and that

he was ready to give her a suitable home if she had come where he lived. In view of this evidence the court was requested in the first point on behalf of the defendant to instruct the jury that if the defendant offered his wife a home in Philadelphia and she refused to live with him without reasonable and legal cause the verdict should be for the defendant. This point was denied, as were the second and third by which the court was requested to instruct the jury in effect that if the defendant's wife refused to live with him and such refusal was not based on a cause that would entitle her to a divorce the defendant was not entitled to recover. These requests for instructions were suggested by the evidence and contained a statement of the law pertinent to the question at issue. The authorities cited, and others, declare that a married woman may not establish a home for herself or take up lodgings with her parents or elsewhere at her husband's expense unless she have such ground for separating from him as would entitle her to a divorce. It became a material inquiry, therefore, whether the defendant's removal to Philadelphia was made in good faith or whether in going there or remaining after he had moved he intended to desert his wife and children. If he was ready to provide a suitable home and his wife refused without good cause to join him there the plaintiff is not entitled to recover, for he of course had notice at the time he was furnishing a home and support for his daughter that she was living apart from her husband. In further support of his denial of desertion the defendant offered to prove what his earnings were, to be followed by evidence that he sent to his wife each month "a good share" of such earnings. This offer was rejected by the court, which ruling is made the subject of the tenth assignment of error. It was certainly competent to show that the defendant contributed to his wife's support during the period covered by the plaintiff's bill, and the proportionate amount of his earnings which he so contributed would have a bearing on the question of his motive and he should have been permitted to prove if he could that he sent a reasonable part of his wages to his family. His obligation was to support them according to his ability, and evidence of what he earned would be some indication of what that ability

was. Exception is taken to that portion of the charge of the court contained in the eleventh assignment as follows: "Well, now, she had to be supported, and she went into her father's family, to be maintained, to be fed and clothed. Now the issue here is, was she there by virtue of a relation under the law, which justifies a recovery here for her maintenance against the husband. In our judgment she was, and we so direct you." This instruction read in its immediate connection has the appearance of a direction to the jury that the plaintiff was entitled to recover and that the question for their consideration was, how much should the plaintiff receive for the maintenance and care of the wife and children of the defendant, and the jury probably so understood it. It advised the jury to find in a particular way, leaving to their consideration only the question of amount. Taking the evidence into consideration and the law applicable thereto the case was not one for binding instructions, but, as we have seen, one of fact calling for an answer to the question whether the defendant deserted his wife and children. The first, second, third, tenth and eleventh assignments are sustained; the other assignments are not sustained. Some of them are predicated of matters not found in the evidence.

The judgment is reversed with a venire facias de novo.