## Commonwealth v. Malsom

*I. B. Rutherford*, district attorney, for petitioner.
*James Rutherford*, for respondent.

BODIE, J., October 15, 1945.—Estelle Malsom has brought this action for support against her husband, David Malsom, defendant.

David and Estelle Malsom were married March 23, 1940, and went to live on a farm in Sterling Township, Wayne County, Pa., owned by defendant's father, Walter Malsom, with whom defendant was in partnership in the operation of the farm. A small home was built on the farm in which David and Estelle Malsom lived. This house was small and did not have all modern conveniences. Trouble arose between them and on November 6, 1943, they separated and Estelle Malsom went to Scranton to live with her mother.

A libel in divorce was filed by David Malsom against his wife in 1944, on the ground of cruel and barbarous treatment, which divorce was refused by the court upon recommendation of the master who heard the case.

The parties continued to live apart, the wife living with her mother and working in the Standard Pisal Radio Factory in Scranton; while defendant continued to live on the farm. Estelle Malsom testified that her health was poor and that she was now unable to work and support herself, and therefore needed support from her husband, while living separate and apart from him.

In the testimony of the wife, she said that she left her husband because she couldn't get along with his folks. Numerous cases have held that a wife does not have to live with her husband's family (Duchossois v. Duchossois, 139 Pa. Superior Ct. 1 and cases quoted therein), but in the present case they had established a separate home on the farm, which, while it did not have all the conveniences and modern comforts of a luxurious home, was a separate home and probably better than thousands of homes in the country today.

Ordinarily a husband is entitled to the companionship and company of his wife, but there is no law which compels a wife to live with her husband if she does not so desire; but she cannot establish a separate home for herself at her husband's expense, unless she has such ground for separation as entitles her to a divorce: Monahan v. Auman, 39 Pa. Superior Ct. 150.

In case of a separation by agreement, the husband may be compelled to pay his wife's support, but in this case the wife refuses to live at the place where her husband makes his living. The wife refused to live in their home any longer and made plans to go back to her mother. We do not feel that the fact that just because the husband had his brother take her over to Scranton could be construed as evidence of an agreed separation.

The wife stated that she would not live there any longer because of her husband's parents and withdrew from the home.

A wife's voluntary withdrawal from husband without adequate legal reason defeats her right to order

requiring husband to provide for her maintenance: Commonwealth v. Bachman, 108 Pa. Superior Ct. 422.

Under all of the facts and law in the case, we do not feel that defendant should be compelled to pay an order of support for his wife while she is living separate and apart from him, because of her own choice and where there is no evidence of any conduct on his part which would justify her leaving his home.

### Order

And now, October 15, 1945, the within proceedings are dismissed at the cost of the complainant.