Bickerton et ux. *v.* Tanney, Appellant.

Argued April 14, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*William S. Doty,* with him *Thomas H. Cauley,* for appellant.

*Zeno Fritz,* for appellees.

OPINION BY ROSS, J., July 20, 1950:

In this action of assumpsit, plaintiffs sued the defendant (husband) for necessaries furnished to his wife and infant daughter. The defendant and his wife were married on July 11, 1947 and separated on Sep-

tember 4 following. A few days later, the wife went to live with the plaintiffs and continued to do so during the present litigation. At the time of the separation the wife was pregnant and on January 19, 1948 gave birth to a child in Magee Hospital in Pittsburgh. The plaintiffs furnished the wife with food and shelter, paid the hospital bill for her confinement and the baby's care, and also purchased necessary clothing, medication and incidentals for the infant. On September 8, 1947, the defendant brought a divorce action against his wife and the decree was refused. During the pendency of the divorce proceeding, the defendant was ordered to pay his wife, beginning as of December 4, 1947, the sum of $25.00 a week for alimony pendente lite. The jury returned a verdict in favor of the plaintiffs and after defendant's motion for a new trial was refused, he took this appeal.

The action was brought to recover $504.51 with interest from January 15, 1948. At the trial the plaintiffs' evidence showed the following expenditures: $159.00, hospital bill during the wife's confinement and the birth of the child; $142.50 for necessary clothing, medication and incidentals for the baby and in addition, a claim for $195.00 for board and lodging furnished to the wife from the time of separation until December 4, 1947, when the order for alimony pendente lite was entered. The jury's verdict, returned on October 6, 1949, was in the amount of $500.00 and did not include interest. Consequently, we can at the outset dismiss defendant's contention that the verdict was excessive.

The burden was on the plaintiffs to show that the defendant's wife was living apart from him for justifiable reasons. *Monahan v. Auman,* 39 Pa. Superior Ct. 150. As was said in *Hultz v. Gibbs,* 66 Pa. 360: "When a husband turns his wife out of doors without any reasonable or just cause, or forces her to withdraw

from him, without any means for her support, the law implies that he has given her credit, to supply herself with such necessaries as are suitable and proper for her to have; namely: clothing, boarding, lodging, and the like. . . . When, therefore, necessaries are furnished to a wife so situated on the credit of the husband, the party claiming to be paid for them must bring himself, in order to recover for them, within the rule stated. He must make out a case which shall negative all idea of a captious, voluntary abandonment of the husband's domicil, and show that she has either been turned out, or forced to leave his residence. . . ." In *Breinig v. Meitzler*, 23 Pa. 156, an action for goods sold and delivered to the wife of the defendant who was living apart from her husband, it was held that to justify a recovery it was necessary for the plaintiff to show that the goods were delivered, that they were necessaries, and that the wife had separated from her husband for good cause.

In this case, the defendant testified that before the marriage he deposited a thousand dollars in the bank in the wife's name "so that she would be provided for if she walked out", and that when she left the home "she should have had at least $800 of it". He also testified, "I felt a thousand dollars would take care of her up until the time the baby was born, and I told her after that I would make other provisions" and "I didn't give her a reason for leaving". The wife testified that the thousand dollars was deposited in the bank to pay debts which she had incurred before marriage; that she left her husband because he "beat me up" and that he did not provide for her. The case involves only questions of fact: Did the wife leave with cause; did the husband fail to provide necessaries for her; did the plaintiffs provide them and, if so, what was their value? These issues, after being submitted to the jury in a charge to which the defendant took neither specific

nor general exception, were determined in favor of the plaintiffs, and the jury's finding is supported by the evidence.

A motion for a new trial is directed to the sound discretion of the court below, and on appeal the only question reviewed is whether it properly exercised that discretion. The refusal of a new trial will be reversed only upon a showing that the court manifestly abused its discretion, and upon review we read the testimony only to ascertain whether the discretion has been abused (*Holt v. Pariser,* 161 Pa. Superior Ct. 315, 54 A. 2d 89) and in this case we find no abuse of discretion.

Judgment affirmed.