## First Pennsylvania Banking & Trust Co. v. Crozer

*W. Richard Gentry*, for plaintiff.
*Fred T. Cadmus, 3rd*, for defendant.

KURTZ, P. J., May 21, 1971.—This is an action in assumpsit brought by the guardian of the estate of an incompetent wife against the husband seeking reimbursement for funds advanced by the guardian in payment of expenses incurred after the spouses separated and during the pendency of a divorce action which were incident to the wife's hospitalization and treatment. Plaintiff showed that it had been appointed guardian, that the expenses were incurred and that it paid for them. It was stipulated that those charges were fair and reasonable.

Defendant showed that prior to the wife's declaration of incompetency, an action for divorce had been instituted by the husband in another court in which an order for alimony pendente lite had been made and that the requirements of that order had been met by the husband since its imposition in December 1954. Apparently, the parties treated that order as one for the wife's support even though it was entered in a di-

vorce action of long standing which had never been brought to a final determination.

The judge who tried this case without a jury found in favor of defendant and entered a decision to that effect. Plaintiff has filed exceptions to that decision.

As we view the matter, the rule which justifies the trial judge's decision is stated in Bickerton et ux. v. Tanney, 167 Pa. Superior Ct. 219, 220, 221 (1950), as follows:

"The burden was on the plaintiffs to show that the defendant's wife was living apart from him for justifiable reasons. Monahan v. Auman, 39 Pa. Superior Ct. 150. As was said in Hultz v. Gibbs, 66 Pa. 360: 'When a husband turns his wife out of doors without any reasonable or just cause, or forces her to withdraw from him, without any means for her support, the law implies that he has given her credit, to supply herself with such necessaries as are suitable and proper for her to have; namely: clothing, boarding, lodging, and the like . . . When, therefore, necessaries are furnished to a wife so situated on the credit of the husband, the party claiming to be paid for them must bring himself, in order to recover for them, within the rule stated. He must make out a case which shall negative all idea of a captious, voluntary abandonment of the husband's domicil, and show that she has either been turned out, or forced to leave his residence . . .' In Breinig v. Meitzler, 23 Pa. 156, an action for goods sold and delivered to the wife of the defendant who was living apart from her husband, it was held that to justify a recovery it was necessary for the plaintiff to show that the goods were delivered, that they were necessaries, and that the wife had separated from her husband for good cause."

If this is the rule in those cases in which a third party is seeking to be paid for necesaries furnished

to a wife who has separated from her husband, so much more so should it be the rule when, as in this case, the wife herself is seeking to be reimbursed for funds which she has expended for that type of service.

In this case, plaintiff failed to meet the requirements of that rule by failing to show that the wife was living apart from her husband for justifiable reasons. There was no evidence on this record which pertains to the cause for the separation of the husband and wife. Accordingly, plaintiff's exceptions are dismissed.