## John G. S. Beck *v.* Kate E. Beck, Appellant.

163    649
f39SC²153

*Practice, C. P.—Jury—Divorce.*

At the trial of an issue in divorce, it is not improper for the libelant's counsel to ask the jurymen before they are sworn whether they are conscientiously opposed to the granting of divorces.

*Divorce—Desertion.*

A husband has a right to change his home if his business, his comfort, or his convenience requires it, if he provides another suitable place of residence; and if his wife refuses to accompany him to the new home without cause, her refusal constitutes a desertion for which a divorce will be decreed.

Submitted on paper-books April 6, 1894.    Appeal, No. 375, Jan. T., 1894, by defendant, from decree of C. P. No. 2, Phila. Co., March T., 1890, No. 35, on libel for divorce.    Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ. Affirmed.

Libel for divorce.    Before FELL, J.

Before the jury was sworn plaintiff's counsel said : " I desire the privilege of asking the members of this jury if any one of them is conscientiously opposed to the granting of divorces." Objected to ; objection overruled ; exception noted for defend-. ant. [1]    The question was put to the jury and no challenges were made.

At the trial it appeared that plaintiff and defendant were married on June 29, 1858.    In June, 1882, they moved to 700 North Twentieth street, where they resided with their children until April 30, 1888.    At this last date their children were of age.    Plaintiff's place of business at that time was 1730 Market street, and he had been there from November, 1884.    On April 30, 1888, plaintiff removed from the house 700 North Twentieth street to 1730 Market street, which was fitted up at that time for a residence.    He testified that he was unable to support and maintain his family at 700 North Twentieth street after the death of his father ; that his business had declined ; his income had become reduced ; that his earnings were insufficient to meet his expenses ; that, to reduce his ex-

penses within proper limits, he desired to give up the house on
North Twentieth street and remove his family to Market street;
that at that time the building 1730 Market street was suitable for
a residence; that the house was new and commodious, and
suitably arranged for a dwelling, and had all the appointments
necessary for housekeeping; that he in good faith desired to
make this his home for the reason indicated; that his wife re-
fused to accompany him, and persisted in that refusal.

Defendant testified that she had not deserted her husband;
that she had not been requested by him to go to 1730 Market
street; that she would have gone there if she had been asked
by him to go. She further testified that he left the house on
North Twentieth street without cause; that he never subse-
quently asked her to come to the house 1730 Market street.

Binding instruction for defendant was refused. [10]

Verdict for plaintiff. The court subsequently entered a de-
cree of divorce a vinculo matrimonii. [11]

*Errors assigned* were (1) in permitting plaintiff to question
the jury as to their scruples about divorce; (2–9) rulings on
evidence, quoting bills of exceptions but not evidence; (10) in-
struction as above, quoting it; (11) decree.

*Albert E. Peterson* and *William W. Wiltbank*, for appellant,
cited Angier v. Angier, 63 Pa. 450; Power's Ap., 120 Pa. 320;
Graham v. Graham, 153 Pa. 450.

*Carroll R. Williams* and *Edward W. Magill*, for appellee.

PER CURIAM, Oct. 1, 1894:

An examination of this somewhat voluminous record has not
convinced us that either of the specifications of error should be
sustained. The testimony bearing on the questions of fact, in-
volved in the issue, was sufficient to justify the learned trial
judge in submitting the case to the jury. There was therefore
no error in refusing to charge as requested in appellant's tenth
point, that under all the evidence the verdict must be in her
favor. Nor do we think that upon the whole case there was
any error in entering the decree complained of in the last speci-
fication.

Decree affirmed and appeal dismissed with costs to be paid
by appellant.