## Croll, Appellant, *v.* Croll.

*Divorce—Desertion—Absence of wife from husband's home.*

Where in pursuance of an arrangement between a husband and wife prior to marriage, the wife at times absents herself from her husband's home in order to care for an invalid mother, the husband will not be permitted to regard his wife's absence as desertion and ground for divorce, unless he gives her due notice that her absence from his home will be treated by him as desertion, and that the arrangement which allowed her to be at her mother's home will no longer be regarded. A mere refusal by her of a request to return home is not sufficient under the circumstances, unless the husband notifies her that such refusal would be considered by him an act of desertion.

Argued March 9, 1915. Appeal, No. 7, March T., 1915, by plaintiff, from decree of C. P. York Co., Oct. T., 1911, No. 26, dismissing libel in divorce in case of Horace Croll v. Libbie E. Croll. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Libel for divorce.

416      CROLL, Appellant, *v.* CROLL.

Assignment of Error—Opinion of the Court. [60 Pa. Superior Ct.

The case was referred to R. C. Cochran, Esq., as master, who filed a report adverse to the libellant.

Exceptions to the master's report were dismissed by GILLAN, P. J., specially presiding. The facts of the case are stated in the opinion of the Superior Court.

*Error assigned* was in dismissing the libel.

*Henry C. Niles,* with him *Joseph R. Strawbridge,* for appellant.—It is desertion, entitling the husband to divorce, if wife refuses to live with him in a suitable home provided by him: Beck v. Beck, 163 Pa. 649; Monahan v. Auman, 39 Pa. Superior Ct. 150; Bauder's App., 115 Pa. 480; Van Dyke v. Van Dyke, 135 Pa. 459; Hubbard v. Hubbard, 8 Pa. C. C. R. 189.

*W. F. Bay Stewart,* of *Stewart & Gerber,* with him *L. Edward Hermann,* for appellee.—The respondent was entitled to her full locus penitentia of two years: Boyd's App., 38 Pa. 241.

OPINION BY HENDERSON, J., July 21, 1915:

The appellant's libel was filed January 10, 1911. The complaint set forth therein was that the respondent had from June 15, 1910, wilfully and maliciously deserted and absented herself from the habitation of the libellant without just or reasonable cause. The burden was on the appellant, therefore, to establish the fact that such desertion had continued for a period of six months before the libel was filed. The trial judge reached the conclusion that the evidence did not support the appellant's averment that the respondent was guilty of desertion at the time stated in the libel nor at any time prior to six months before the libel was presented. A careful examination of the evidence brings us to the same conclusion. There can be no doubt that there was an understanding between the parties before their marriage that Mrs. Croll was to spend part of the time after her mar-

riage with her mother who lived in Jersey City. The admissions of the complainant and the other evidence bearing on that subject make it clear that such was the understanding of the parties. It was also understood that the respondent was to accompany her mother on a trip to the west which she then had in contemplation for the improvement of her health. The complainant knew that Mrs. Croll's mother was much dependent on her for assistance because of physical infirmity, and a part of the evidence tends to show that the complainant while recognizing that fact hoped to induce his wife to abandon the plan of remaining with her mother and to take up her continuous residence with him at York. The marriage occurred October 21, 1908, and in December of the same year the respondent and her mother, Mrs. Edlestein, went to Mt. Clemens, Michigan, and from there to California. They returned early in March the following year and Mrs. Croll notified her husband of the time of their arrival at Harrisburg and requested him to join them and go with them to Jersey City. He neither went to Jersey City nor met his wife at the train nor did he see her until September 22d, when they met by appointment in Philadelphia. Later in the same year they visited in New York together and remained for a short time at the home of Mrs. Edlestein. In December of that year the respondent again accompanied her mother to Mt. Clemens by direction of the mother's physician. After their return in the spring of 1910 the respondent went to York on March 30th, and remained a day during which their affairs were discussed and plans considered. On April 4th the libellant went to the respondent's home and remained with her until the 8th. On the 15th the respondent went to York, had the house prepared for occupancy and procured some implements for use in the kitchen. She remained there a week and on April 30th the libellant went to Jersey City and stayed until May 7th at which time Mrs. Croll and her mother, a cook, a chauffeur and some friends went to the libel-

lant's home in York and remained until May 21st when they all returned to Jersey City. After remaining there two or three days the complainant and his wife went to Allenhurst and remained until May 27th at which time the libellant went to York while the respondent remained at Allenhurst to prepare the house which her mother had there for the latter's use. On June 3d she was back at York with her husband where she stayed until the 11th and then she and the complainant returned to Jersey City where he remained with her at her mother's home until June 15th. She accompanied him to the station that day and was in tears because of his leaving. He wanted his wife to go to York with him; she insisted that she could not leave her mother at that time. They met again on July 4th when the complainant, his brother, his nephew and a friend were on their way to New England on an automobile trip. At this time Mrs. Croll complained that he had not accepted her invitation to spend July 4th with her and had preferred to take this trip with his brother. Her husband replied that he would have invited her if she had come to York. On the 10th of the same month as the complainant was returning from the New England trip he passed his wife riding in her mother's automobile. Letters passed between the parties until the latter part of October, 1910, and the respondent continued to write until some time in July, 1912, but there was no personal communication between them after July 4, 1910, until the time of the taking of the testimony in this case. The complainant sent back to the respondent her trunk and personal effects of different kinds which she had left at his house. This was done he states on the advice of counsel. The respondent sent affectionate letters to him at different times to which he made no response. She was not informed by the appellant that her refusal to accompany him home on June 15th would be considered by him an act of desertion. Separation is not willful and malicious desertion. Desertion is an actual aban-

donment of matrimonial cohabitation with an intent to desert, willfully and maliciously persisted in, without cause, for two years. This intent may be manifested when without cause or consent either party withdraws from the residence of the other, but it must be made clearly to appear that such withdrawal was willful and without cause or consent: Ingersoll v. Ingersoll, 49 Pa. 249; Middleton v. Middleton, 187 Pa. 612. In view of the evidence bearing on the arrangement of the parties made before their marriage with reference to the wife's plan to remain a part of the time with her mother and the conduct of the parties after the marriage it would only have been fair on the part of the complainant to notify his wife that her absence from his home would be treated by him as desertion and that the arrangement which allowed her to be at her mother's home would no longer be regarded. Mrs. Croll should not be charged with willful and malicious desertion when she was acting under what she supposed to be an agreement with her husband and when she was protesting that she desired to be with him and was only restrained by the physical helplessness of her mother. We regard it as a just conclusion from the evidence that a legal desertion had not taken place six months before the libel was filed and the finding of the learned judge of the court below on that subject meets our approval. It is not necessary now to consider what would be the status of the parties if the respondent persisted in refusing to live with the appellant after she knew that such absence would be regarded as a desertion, for the evidence does not put the party in such a situation at the time when the petition for the divorce was filed. It is apparent that due consideration was given to the evidence and arguments of counsel by the trial judge, and we are not convinced that the facts and the law call for a different result.

The decree is affirmed at the cost of the appellant.