## Dodson *v.* Dodson, Appellant.

Argued September 30, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*A. E. Hurshman,* with him *Herbert E. Millen,* for appellant.

*T. Foster Thomas,* for appellee.

OPINION BY KELLER, P. J., November 11, 1942:

The libellant, appellee, brought this action of divorce against his wife, the appellant, on the ground of wilful and malicious desertion, without reasonable cause, be-

ginning December 31, 1932, and continuing for the space of two years and upwards, to the date of filing the libel.

The master recommended that the divorce be granted. On exceptions to the master's report, the court, (HEILIGMAN, J.), held that the evidence did not support a finding that the respondent had *wilfully and maliciously* deserted the libellant on December 31, 1932, as averred in the libel; that she left him on that date because of her employment, and hence it did not amount to a wilful and malicious desertion. The court stated, however, that sometime after December 31, 1932 her attitude changed and that her letter to him of August 6, 1934 made it clear that she then intended her separation from him to be permanent. The court's language was clear and unambiguous. "In the present case we are of the opinion that the proofs do not show any intention on the part of the respondent to desert the libellant until August 6, 1934, at which time respondent clearly manifested her intention permanently to abandon the libellant and his home by writing the letter of that date."

Accordingly, the court referred the case back to the master in order to afford the libellant an opportunity to amend the libel, if he so desired, and when the libel was so amended, and respondent had filed answer thereto, if she so desired, further testimony might then be taken in support of the averments of the amended libel, on behalf of the libellant and respondent; the master to file a supplemental report, and report further to the court.

The libel having been amended so as to charge that the desertion began on August 6, 1934 and continued from that date for the period of two years and upwards to the present, and the respondent having filed an answer to the amended libel, denying any desertion of libellant by her, further testimony was taken by the master, who on the completion of the testimony filed a

supplemental report finding a wilful and malicious desertion of the libellant by respondent, beginning August 6, 1934 and continuing to the present, and recommending a divorce as prayed for.

Exceptions to the master's report were, after hearing, dismissed by the court, in an opinion by President Judge FINLETTER, who stated, "We are all convinced that the original opinion of this court should stand. Respondent admitted writing the letter [of August 6, 1934] in which she said, 'I am more convinced than ever that I am through.' This does not mean that she was not as yet convinced that they were 'through' but was coming to that conclusion. A more reasonable interpretation of what she wrote is that she had already arrived at the conclusion and was then more certain that her conclusion was right. The circumstances in which the letter was written, and the relationship of the parties at that time lend support to the latter construction. We conclude that the respondent wife deserted the libellant as of August 6, 1934, and that the desertion was persisted in by her for more than two years from that time." A decree of divorce was accordingly entered.

Our review of the evidence in the case leads us to agree with the finding and conclusion of the court below. The evidence does not support a finding of consentable separation, as contended by appellant's counsel. While respondent's departure on December 31, 1932 lacked the elements of a *wilful and malicious* desertion, her continued staying away from him and declining to live with him or even see him at times, culminating in her letter of August 6, 1934, in which she made it very clear that she was through with him and did not want to be further annoyed by his visits, was such a definite repudiation of her marital relationship that he was under no further duty or obligation of seeking a reconciliation or asking her to return to him. It established a wilful and malicious desertion, which, persisted in for over two years, entitled him to a divorce.

Decree affirmed.