Goldman *v.* Goldman, Appellant.

Argued December 13, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT and RENO, JJ. (JAMES, J., absent).

*William T. Connor,* with him *Hardie Scott* and *John R. K. Scott,* for appellant.

414

*Theodore Spaulding,* for appellee.

OPINION BY HIRT, J., January 25, 1945:

The lower court, agreeing with the master, granted a divorce on the charge of desertion. In the irreconcilable conflict between the testimony of the libellant and the respondent, the conclusion of the master who observed them is of value on the determining question of credibility. *Fullwood v. Fullwood,* 156 Pa. Superior Ct. 409. Our judgment is that the testimony of the libellant, supported as it is by the circumstances, must be accepted notwithstanding the denials of respondent and the construction she would have us put on her conduct.

There is disparity in the ages of the parties; respondent is the younger by thirteen years. Libellant is now 62 years old and for the past 37 years has been continuously employed by the Reading Railroad. He does hard labor and is a person of some stability. The parties were married in 1909. After nine years of comparative harmony, respondent began to neglect her home and her children. Against the remonstrance of libellant, she insisted on going out alone, nights, and according to libellant, said: "I want to get my run out and then I may come back." In April 1924 she took their fourteen year old daughter with her to Boston. Libellant had agreed that she should go there for a month or two on a visit with a sister and to attend her at the birth of a child; he gave her money for the trip. But that was the extent of the agreement on his part; there was no meeting of minds on a consentable separation of indefinite duration. Of course, to establish a separation by consent, the agreement of both parties to live apart must appear, and must be established by satisfactory evidence. ·Evidence of that character is entirely lacking in this case. The circumstances indicate that respondent intended to desert her husband when she first went to Boston in 1924. She took all of her clothing and everything she

owned, with her. Leaving the daughter in Boston she returned to their home in Philadelphia the following September. She stayed there three days, occupying a separate room and, after taking their son to a school in Maryland, spent two weeks elsewhere in Philadelphia, and then returned to Boston. During this visit the libellant tried to induce respondent to discuss their differences looking toward a reconciliation, but without success. The continued separation during the statutory period was not with libellant's consent. For more than two years he was willing to have his wife return to him. Her refusal to resume the family relation when persisted in during that period fulfilled the requirement of the statute. *Dodson v. Dodson,* 150 Pa. Superior Ct. 437, 28 A. 2d 821. The parties have not lived together as husband and wife for more than twenty years nor since respondent left their common home in 1924.

We have indicated the facts as we accept them and we need not refer to respondent's explanation of her conduct or her denial of her intention to desert the libellant. Going to the good faith of respondent, in the defense which she would have us accept, are the counter charges in her answer of cruel and barbarous treatment, indignities, and adultery. There is not a scintilla of evidence of such treatment and her testimony does not raise even a suspicion that libellant has been guilty of adulterous conduct. The credible testimony characterizes him as a person of respectibility. We agree with the lower court that the inference is reasonable that these counter charges were made to bolster her defense in an effort to create the suspicion that libellant was the deserting party. Moreover, the fact that the municipal court in a proceeding brought by the wife had ordered libellant to pay her $7 per week for her support is not persuasive evidence that the husband was at fault. The order was not made until early in 1943 and not until after the libel had been filed in this case. It appears from the evidence that the order was not in-

tended as an adjudication that the wife in strictness was entitled to support but was rather in the nature of alimony pendente lite, leaving that question to be decided by the outcome of the divorce case.

Our conclusion is that when respondent left her husband in 1924 she had tired of the alliance and intended to end it and the desertion occurred then. She made no bona fide effort to resume cohabitation thereafter.

Decree affirmed at appellant's costs.