## Ussler *v.* Ussler, Appellant.

Argued September 25, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Bryan A. Hermes,* for appellant.

*James W. Tracey, Jr.,* with him *George W. Phillips* and *Tracey & Phillips;* for appellee.

Opinion by Hirt, J., November 19, 1945:

Except for the first few years following the marriage of the parties in 1923 there was little happiness in their family life. Respondent left their common home on July 24, 1942, and did not offer to return until more than two years after that date. Following proceedings before a master, this action was heard de novo by Judge Flood of the court below. The defense was that, because of the conduct of her husband, respondent was justified in leaving him and remaining away. We agree with the court that testimony falls short of justifying the separation, and the decree of divorce, entered on the charge of desertion, will be affirmed.

Respondent accused her husband of two acts of physical violence. More than 18 years ago, she said that libellant kicked her as she sat on the stairway in their home blocking his passage. In 1937, in the course of an argument libellant slapped her in the face. He denied the first but admitted the second occurrence; as to the latter, he said that she picked the quarrel and goaded him into striking her. Libellant then left the respondent and remained away for three months. By agreement, he returned for the sake of their eleven-year-old boy. Though they then lived in the same house until the final separation they did not speak to each other. Respondent attributed their unhappiness to "the building up of . . . little differences" and when asked: "Who built up the little differences?" she said: "Well, both of us." There were frequent arguments, for many of which both were to blame. She stressed the fact that libellant had left her, also, for short periods in 1933 and in 1935. Under the circumstances as we accept them from the testimony, he was justified in leaving on both occasions and, in each instance, it was at her request that he returned. There were dissensions over money matters and respondent complained that he did not give her enough to run the household. For the most part these were depression years, with little activity in libellant's real estate busi-

ness. Until recently, his earnings were small. He gave his wife a regular weekly allowance of $15, which, though inadequate except for necessaries, at least kept them from want.

The decree may not be reversed on the ground that there is no more than a doubtful balance of the testimony, as suggested by appellant, under the principle of *Twaddell v. Twaddell,* 95 Pa. Superior Ct. 429, and like cases. Admittedly, respondent left her husband and remained away for the statutory period. There is no doubtful balance of the testimony as to these facts. In defending the charge of desertion, therefore, the burden shifted to respondent to justify the separation by evidence of such acts of libellant as would entitle her to a divorce, were she a libellant, or by proof that the separation was by consent. *Bunting v. Bunting,* 156 Pa. Superior Ct. 244, 40 A. 2d 135. There is no suggestion that the separation was consentable and respondent has not met the burden on her of justifying it. On this issue, a mere doubtful balance of the evidence is not enough. It was for appellant to establish cruel and barbarous treatment or indignities by a clear preponderance of the testimony. The more serious incidents, if they did occur, were far in the past and were separated by many years; they did not amount to cruel and barbarous treatment. And there is no sufficient proof of a course of conduct on the part of the libellant amounting to indignities.

The hearing judge questioned respondent's credibility and his conclusion, as to which of the parties is to be believed in their conflicting testimony, is entitled to respect. *McKrell v. McKrell,* 352 Pa. 173, 42 A. 2d 609. The good faith of respondent in belatedly defending the action is also in issue. The case originally was referred to a master and throughout the hearings before him was uncontested by respondent. She told the master, on the one occasion when she appeared, that "she had left her husband . . . and never intended to go back . . ." But after the master's report, recommending a

divorce, was filed and rule for final decree issued, she asked that the proceedings be set aside and on her petition the court heard the testimony de novo. One month after the statutory period had elapsed she asked her husband to take her back. The offer came too late. *Winner v. Winner,* 122 Pa. Superior Ct. 382, 186 A. 245. Moreover, it was not prompted by affection for her husband nor by a sincere desire for a reconciliation. She had been employed and was self supporting throughout the period of the separation. About the time of her change of attitude in petitioning the court for a hearing de novo, an examination of her eyes made it doubtful that she could qualify for continued employment. The inference is reasonable that her primary motive in contesting this action was to re-establish a right to support and not to resume the marriage relation.

Decree affirmed.