## Bennett, Appellant *v.* Bennett.

Argued April 9, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*J. Harry Pershing,* with him *Adam B. Shaffer,* for appellant.

*John S. Simpson,* with him *Fisher & Ruddock,* for appellee.

PER CURIAM, June 15, 1946:

On the testimony in this case, the lower court was clearly right in dismissing the libel.

The parties were married in 1921. The respondent left their home in Blairsville, with their two children, on August 10, 1940. Since then she and her children have been living with her father in Vandergrift. Marital relations ceased when respondent withdrew from the common domicile. In meeting the charge of desertion, therefore, the burden shifted to respondent to justify the separation—since libellant did not consent to it—by evidence of such acts of libellant as would entitle her to a divorce, were she a libellant. *Ussler v. Ussler,* 158 Pa. Superior Ct. 215, 44 A. 2d 526. This burden has been met by more than a mere preponderance of the evidence.

For two years before the separation libellant frequently made grossly unnatural sexual demands on his wife. In forcing her to submit, he subjected her to other physical abuse. It is too much to require corroboration, in all cases, of acts such as these. They are not likely to be committed in the presence of witnesses. Here, however, their sons testified that libellant frequently struck the respondent. The marks of physical abuse were observed also by other witnesses. Respondent testified that when libellant was sober he was able to force her to submit to his unnatural demands, but when intoxicated she could evade him. On many of these latter occasions she left the home in her night clothes and went to a neighbor's house where she remained, at times for a day or more. Two neighbors who gave her sanctuary corroborated her in this testimony. Respondent related revolting acts of libellant in their bedroom the night before she left. The sixteen-year-old son heard her scream about midnight and he saw her run from the bedroom down the stairs and out of the house. She

spent the night at a neighbor's home. Her similar actions on other occasions are circumstances which corroborate her testimony of libellant's misconduct.

Libellant's denials are unimpressive. It is of some significance that, in August 1940, he waived a hearing in a non-support proceeding brought by respondent and admitted his liability for her support. There is nothing in the record rebutting the credible testimony of respondent and her witnesses as to acts of libellant, which clearly justified the separation.

Order affirmed.