Hagen *v.* Hagen, Appellant.

Argued October 2, 1946.  Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*David H. Kubert,* for appellant.

*Edmund P. Hannum,* for appellee.

OPINION BY BALDRIGE, P. J., October 30, 1946:

This appeal is by a wife whose husband has been granted a divorce by the court below on the ground of desertion.

The parties were married August 19, 1919, when he was 44 and she 40 years of age.  Respondent was born and

raised in Canada and is the mother of four children by a previous marriage. The husband was employed as a rigger, which required him to work at a number of different places. He received good wages and provided as well as could be expected for his wife and her children. The parties lived most of their married life in Philadelphia and the western part of New Jersey. In September 1934, the wife left their home in Philadelphia and went to, and has remained in, Canada.

The main question in dispute is whether the wife wilfully and maliciously deserted her husband or whether there was a consentable separation.

The libellant testified that the respondent frequently expressed a desire to return to Canada, where she had retained her citizenship, as she did not like living in the United States; that when he was working in Washington, D. C., on a good job she decided to go to Canada and made arrangements to sell her furniture. When she left he contributed toward her traveling expense in the belief that she was taking a trip, a temporary visit, and she would return to Philadelphia as she had done on prior occasions, notwithstanding she had sold her furniture. The husband, after living with this determined woman for a number of years, apparently realized his inability to dissuade her from carrying out her plans as he said "there was no use in objecting." David Friedman, an employer of the libellant, testified that the wife told him on different occasions that she disliked living in the United States, that she intended to go back to Canada, assume her former name and apply for a widow's pension.

The evidence clearly establishes that the wife became dissatisfied with living in the United States and when she left she intended to return to her old home in Canada and remain there permanently. There was no evidence of any disagreements, other than the wife's dissatisfaction in living in the United States, or that the libellant

was other than a sober, industrious man. He sent her affectionate letters, forwarded her money, and asked her to return to Philadelphia. Her continued failure to return resulted in his bringing this divorce action February 25, 1944.

We are mindful that a separation is not necessarily a desertion. There must be an actual abandonment of the marital cohabitation without the consent or encouragement of the other spouse, and an intent to desert, which must be wilfully and maliciously persisted in for a period of two years: *Barnes v. Barnes,* 156 Pa. Superior Ct. 196, 198, 40 A. 2d 108. A consent to a temporary separation, as here, does not bar a libellant from obtaining a divorce for desertion if, in fact, there was an abandonment of a common habitation, without sufficient consent, for the statutory period. The defense of a separation with the consent of libellant is affirmative and the burden of proof to establish that fact by satisfactory evidence is on the respondent: *Ewing v. Ewing,* 140 Pa. Superior Ct. 448, 14 A. 2d 149; *Westfall v. Westfall,* 148 Pa. Superior Ct. 477, 25 A. 2d 614; *Goldman v. Goldman,* 156 Pa. Superior Ct. 413, 40 A. 2d 878.

The only evidence offered by respondent was her deposition and some letters written by her husband. She alleges that Canada was their home and was so recognized by her husband, that he consented to her returning, and that he visited her there. He denied those averments and stated he had not been in Canada after she left Philadelphia in 1934. The letters he wrote covered a period from December 1934 to March 1937, and indicated his intention to go to Canada to see his wife and a desire that they establish a home. After the latter date there was no proof of any written communication between them.

The husband evidently was endeavoring to keep on good terms with his wife and have her return, but was unable to influence her to reestablish a home in this

country and resume marital relations. This woman has remained away from her husband for over 12 years without sufficient excuse, leaving with no expectation of returning to this country where she knew her husband's home had been for years; where he was a legal resident, where his work had been and where they lived together. He never changed his place of abode. His home was then, and continued to be, in Pennsylvania. It was her duty to live with him at such a reasonable place which his means would afford. This she failed to do. It is the obligation of a husband to provide a home and if he acts in good faith his choice in the matter is controlling: *MacDonald v. MacDonald,* 108 Pa. Superior Ct. 80, 164 A. 830.

A careful review of all this testimony fails to convince us that this respondent successfully carried the burden of proving by the preponderance of the evidence that her continued absence was due to a mutual consentable separation. The husband, in our judgment, is entitled under the law to a divorce on the grounds of desertion.

The decree of the court below is affirmed.