## Spence *v.* Spence, Appellant.

Argued April 12, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Henry Kauffman,* with him *Louis Little,* for appellant.

*J. Harry Pershing,* with him *Adam B. Shaffer,* for appellee.

OPINION BY HIRT, J., July 20, 1950:

The parties to this action in divorce were married on April 1, 1924. They lived together but little more than two years when respondent left the libellant in their common home. The lower court found the charge of desertion sustained by the evidence and granted a divorce on that ground. The decree will be affirmed.

Libellant's testimony is to this effect: Over a period of months, on his return from work in the local steel mill, libellant frequently found a young man, and always the same person, in the two-room apartment with his wife. Except for the presence of this man in libellant's home, impliedly on the invitation, tacit or otherwise, of the wife, there was no indication of misconduct between them. But his presence there was the source of many quarrels between the parties, culminating in a serious altercation on June 15, 1926, when libellant again found this visitor in the apartment with his wife. In the course of a heated argument respondent screamed although libellant did not strike her nor threaten her with bodily harm. Two of respondent's brothers, who lived next door, on hearing her screams, came into the house and

assaulted libellant and his brother who was there with him. Libellant was able to get a gun from under the mattress of his bed and with it he drove the intruders from his home. Someone called the police but libellant was not taken into custody. Libellant then left the house and when he returned home the following day, respondent was gone; she had taken all of her belongings and also some of the home furnishings with her. Libellant continued to live in the same apartment for five or six years but the respondent, although invited, never returned.

Against this testimony the respondent said that there never was a man visiting her in the apartment, and that she was alone when libellant returned from his work on June 15, 1926. She said that the occasional male visitors in their apartment were friends of her husband who came to play cards with him. Her version of what occurred on the day of the separation is that he started the fight when he made a demand on her which she refused. She said he then accused her of having another man and she screamed when he tried to choke her. She testified that her two brothers came into the house, in response to her screaming, and that libellant held them at bay at the point of a gun while he went out of the house. Respondent, according to her testimony, then left the home but when she returned two weeks later she again left immediately, and finally, when libellant said to her: "I just don't want you any more, get out". She also said that in recent years libellant has been living with his housekeeper as his wife and that he has bought real estate in both their names as husband and wife.

In this conflict of testimony the lower court accepted the testimony of the libellant, corroborated in some, but not in all respects, by that of his brother. Where in a divorce proceeding, as here, credibility is the issue, the conclusion of the hearing judge, as to which of the

parties is to be believed, is entitled to respect. *Ussler v. Ussler*, 158 Pa. Superior Ct. 215, 44 A. 2d 526; *Weber v. Weber*, 156 Pa. Superior Ct. 6, 39 A. 2d 144. In referring to the principle Mr. Justice LINN, in *Wick v. Wick*, 352 Pa. 25, 42 A. 2d 76, said: "Presumably, a trial judge's opportunity to observe the parties and witnesses during the trial, became the basis of a rule that 'When witnesses who are competent and equally interested, flatly contradict each other, the conclusion of the judge who heard them, as to which is to be believed, is not to be lightly disturbed.' Krug v. Krug, 22 Pa. Superior Ct. 572, 573; Koontz v. Koontz, 97 Pa. Superior Ct. 70; Dearth v. Dearth, 141 Pa. Superior Ct. 344, 15 A. 2d 37. In accord with that rule, we have at times resolved doubt in dealing with conflicting testimony, by relying on expressed or implied conclusions of the trial judge." Respondent's testimony stands alone, and there are circumstances which affect her credibility in her attempt to justify her withdrawal by contending that she was excluded against her will from the common domicile. She had notice of specific charges of misconduct on her part, in the bill of particulars filed by libellant which she would be confronted with at the trial of this case. And as Judge KENNEDY, in the opinion of the lower court, suggests, respondent's two brothers were witnesses to all but the preliminary occurrences on June 15, 1926. They no longer lived in Clairton but their whereabouts was known and their depositions might have been taken. Under the circumstances it is a fair inference that their testimony if taken would not be helpful to the respondent in her defense to this action. Cf. *Wise v. Wise*, 157 Pa. Superior Ct. 599, 43 A. 2d 368. Moreover, the respondent has never looked to her husband for support since the separation on June 15, 1926. With some help from a brother she has been obliged to earn her own living. Under the circumstances if she were not at fault and the separation was against her

will it is reasonable to assume that she would have made a demand or brought an action for her support at some time during the period. Resolving the doubt raised by the conflicting evidence by relying on the conclusions of the trial judge we find sufficient proof of desertion as charged in the libel.

Libellant's alleged adultery, committed after his right to a divorce on the ground of desertion had accrued, is not a cause for refusing the divorce. Cf. *Clark v. Clark*, 160 Pa. Superior Ct. 562, 52 A. 2d 351.

Decree affirmed.