## Partleton *v.* Partleton, Appellant.

486

Argued April 11, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*James H. Brennan,* with him *Maurice Chaitkin* and *Brennan & Brennan,* for appellant.

*William J. Graham,* for appellee.

OPINION BY GUNTHER, J., July 19, 1951:

The husband, appellee, instituted this action in divorce a.v.m. charging appellant with willful and malicious desertion since July 29, 1946. The defense interposed was that appellant had reasonable cause for leaving. After hearing by a judge without a jury, the

court below entered a decree of divorce on the ground of desertion.

It is our duty to examine and analyze the record and determine whether the learned court reached a correct conclusion. The opinion of the court below, particularly as regards the credibility of the witnesses, is to be given the fullest consideration, as he has had the advantage of seeing the parties and hearing the testimony. *Spence v. Spence,* 167 Pa. Superior Ct. 248, 250, 74 A. 2d 495; *Hess v. Hess,* 131 Pa. Superior Ct. 601, 604, 200 A. 157; *Gerster v. Gerster,* 166 Pa. Superior Ct. 105, 70 A. 2d 429.

The parties were married on June 3, 1913, and until 1945 enjoyed a comparatively peaceful and happy marriage. On November 17, 1945, appellant left her husband for a four month period over a trivial incident involving a key to the husband's suit case. On March 25, 1946, a reconciliation was effected through the efforts of appellant's attorney. On July 4, 1946, shortly after the reconciliation, the parties took a vacation trip to California, and returned on July 20, 1946; appellant then left the common household on July 29, 1946. Appellant concedes that she left on that date and has not returned.

The husband charges that his wife deserted him on July 29, 1946. His testimony establishes that on the day before the desertion appellant told her husband: "I won't make a home for you, I'm leaving"; that she took with her quantities of bed linens, table cloths, silverware and glassware, and appellee's gun. The following day appellee went to work and on his return found that his wife had left him.

Desertion which entitles an innocent and injured spouse to a divorce is "an actual abandonment of matrimonial cohabitation, with an intent to desert, wilfully and maliciously persisted in, without cause, for two years": *Ingersoll v. Ingersoll,* 49 Pa. 249, 251;

*Grace v. Grace,* 165 Pa. Superior Ct. 336, 338, 68 A. 2d 197. See §10, "The Divorce Law" of May 2, 1929, P.L. 1237, as amended, 23 PS 10. Guilty intent is manifested where, without cause or consent, either party withdraws from the residence of the other; if the desertion is intentional it is willful; if willful, it is malicious; *Dougherty v. Dougherty,* 166 Pa. Superior Ct. 219, 70 A. 2d 411; *Grace v. Grace,* supra; *Hedderson v. Hedderson,* 35 Pa. Superior Ct. 629, 631.

The record clearly establishes that appellant's desertion was a willful and malicious abandonment of matrimonial cohabitation, and the court below did not err in so concluding.

It being shown that a separation for the required statutory period occurred, appellant's defense of "reasonable cause" for leaving required of her to prove by a preponderance of the evidence facts which would entitle her to a decree of divorce. *Dougherty v. Dougherty,* supra; *Ewing v. Ewing,* 140 Pa. Superior Ct. 448, 449, 14 A. 2d 149; *Rosa v. Rosa,* 95 Pa. Superior Ct. 415.

The court below concluded that reasonable cause for leaving had not been established, and after a careful review of the testimony we agree with the conclusion of the court below. Appellant recited four incidents of alleged abuse and mistreatment to support her contention that she was justified in leaving the common household. The first incident mentioned was one concerning a key to the husband's suit case. Appellant testified that in the fall of 1945, her husband had been locking up various articles as "my fancy work, locked up tools in the kitchen and dishes and everything. He also locked up my favorite kitchen knife". Appellant came upon the keys and intended to open this trunk. Before she could do so, appellee demanded the return of the keys, an argument developed and appellee pushed her. Appellant rushed from the

house and went to a neighbor's home. Appellee demanded that she return an hour later and she refused. The next incident occurred the following day when appellee refused to call a doctor for her to prescribe for a cold which she had contracted. The third occurred on December 15, 1945, during appellant's first separation from her husband. She testified that she called appellee on the telephone, told him she felt better and would come back home, to which appellee agreed; that upon her return, in the midst of a friendly conversation while looking at some Christmas cards, appellee, without provocation, grabbed her and pushed her into the living room. The fourth incident related to the time when appellant finally left her husband on July 29, 1946. She testified that she left because "he deposited something in my iced tea", yet in another part of her testimony she gave as her reason for leaving the fact that she had been feeling ill; that her husband had been complaining about her illness; that she "couldn't stand it any longer". This contradictory testimony, in addition to impeaching her credibility, also epitomizes the nature of her testimony in other particulars which the record discloses to be exaggerated and distorted.

Recited above is a brief but fair analysis of the indignities which appellant argues gave her reasonable cause for leaving. Such evidence falls far short of the quality and quantity of evidence sufficient to warrant a finding that appellee had subjected appellant to such indignities making her life burdensome and her condition intolerable. Indignities, as has often been said, consist of a course of conduct rendering a spouse's condition intolerable and life burdensome. *Monaco v. Monaco,* 160 Pa. Superior Ct. 117, 50 A. 2d 520. Continuity of ill-conduct is a fundamental characteristic of a charge of indignities and a single act or isolated acts can never result in indignities: *Hahne v. Hahne,* 168 Pa. Superior Ct. 324, 328, 77 A. 2d 682. At most

490

appellant's testimony shows only isolated incidents. She has, therefore, failed to establish her justification for leaving.

Decree affirmed.