## Havard *v.* Havard, Appellant.

Submitted March 5, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Ernest J. Gazda* and *Gazda and Valverde,* for appellant.

*David B. Miller,* for appellee.

OPINION BY GUNTHER, J., July 19, 1951:

In this divorce proceeding the husband charged his wife with cruel and barbarous treatment and indignities to the person. The evidence was presented to the court below without a jury and from the entry of a decree of divorce on both grounds the wife has appealed to this Court.

A review of the testimony reveals that the evidence is wholly insufficient to establish the charge of cruel and barbarous treatment, although a legal cause for divorce has been established concerning the charge of indignities to the person. Further discussion will be restricted to an analysis of the record concerning the charge of indignities. The parties were secretly married on November 28, 1940. Shortly thereafter appellee was inducted into the armed forces of the United States. He was discharged on March 8, 1946, so that their joint cohabitation was abridged due to appellee's military service. Shortly after appellee's discharge from the military service, he obtained gainful employment in Baltimore, Maryland, but was not joined by his wife and child until some months thereafter, the appellant remaining in Scranton. The parties resided in Baltimore, Maryland, for approximately three months when they moved back to Scranton, Pennsylvania.

The marriage got off to a most unfortunate start which could be predicted by the secret marriage which the appellant did not announce for the reason that she had told her husband she was "ashamed of him". On one occasion when appellee returned home on a furlough, he learned that his wife refused to stop seeing her former beau; that at a later date when appellee was commissioned as an officer at Camp Swift, Texas, she humiliated and embarrassed him in the presence of his friends by her open conduct with a brother officer. When appellant became pregnant she called her husband vile and abusive names and threatened to attempt abortion.

Residence in Baltimore was apparently most distasteful to appellant for during that short stay the evidence is replete with incidents wherein appellant without provocation struck appellee with her hands and fists, insulted, nagged and abused him and called him vile and abusive names. Appellant refused to prepare breakfast for appellee and constantly insisted that he prepare his own breakfast, wash the breakfast dishes and do other minor household chores before he left for work. She refused on many occasions to prepare his dinner upon his return from work, and insisted that he do many of the household chores which she refused to do. In the course of the next two years, on numerous occasions appellee suffered a series of assaults by appellant via fists, a stove poker, broom, bottle, kitchen utensils, and a stove shovel, causing a variety of minor injuries. On many occasions vile and opprobrious language was directed toward plaintiff and no useful purpose would be served to recite that testimony in detail.

A reading of the testimony is convincing that appellant has effectively accomplished the threat she made early in her marriage that "I am now going to

make your life one hell on earth just as long as I can." Concerning several of the incidents, appellee is corroborated by the testimony of three other witnesses. The evidence of appellant and her witnesses consists of denials of many of the incidents occurring. With this conflict in the testimony appearing, credibility becomes the crux of the case. As to this, the court below said: "This issue of credibility being posed, we look for the most convincing corroboration. Here we believe it lies with plaintiff, both on the part of corroborating witnesses and on the internal inconsistencies and elaborate avoidances in defendant's own testimony". The conclusion of the hearing judge, particularly as regards which of the parties is to be believed, is entitled to fullest consideration as he has had the advantage of seeing the parties and hearing the testimony. *Spence v. Spence,* 167 Pa. Superior Ct. 248, 250, 251, 74 A. 2d 495. In our independent examination of the record, we conclude that appellee has by clear and satisfactory evidence sustained the burden of proof that appellant has by a continued course of conduct subjected appellee to indignities rendering his condition intolerable and life burdensome. He is entitled to a divorce on the ground of indignities.

Decree affirmed.