## Pingor v. Pingor

*W. J. Krencewicz*, for plaintiff.

*Burke, Bowe, Dolbin & Heffner*, for defendant.

CURRAN, J., June 30, 1958.—An action of divorce was instituted by the husband alleging willful and malicious desertion dating from June 25, 1951. The matter was referred to a master who found in favor of plaintiff husband and filed a report recommending a divorce on the ground of desertion. Defendant wife filed exceptions to. the master's report.

The parties were married on May 22, 1943, at Saint Clair. This was the second marriage for both parties. There were no children born to this marriage but both had children from their prior marriages. At the time of the hearing plaintiff was 69 years of age and defendant was 59.

After their marriage the parties lived together in Saint Clair in a home owned by defendant. For the first three years there were no marital difficulties. The husband worked in the mines and turned over his pay to defendant, who managed the finances. In 1947 the husband left the common home and the parties were separated about three months. Plaintiff said that he left as a result of an argument over money. Again in 1949, the husband left the home because of an argument about their families. Plaintiff said that this time his wife told him to get out and he stayed away for five months. The wife denied telling him to get out. On both occasions the husband asked his wife if he could come back to live with her and she accepted him. Finally, on June 25, 1951, the parties again separated and have not cohabited since that time.

Plaintiff testified that his wife ordered him out of the home on June 25, 1951. He said that he was afraid of his wife because she was stronger than he and, thus,

he had to obey her. Plaintiff admitted that his wife did not threaten him with any physical violence at that time and that she never struck him nor threatened him with words at any time. Defendant's son was present in the home on June 25, 1951, and plaintiff admitted the son did not threaten him in any way at that time or any other time. Defendant testified that she did not order plaintiff out of the home. Plaintiff said that after June 25, 1951, he saw his wife on three occasions, but she would not allow him to come back to live with her. The first time was in January 1952, when plaintiff. went to his wife's home to get her endorsement on a check. Plaintiff was not denied admission to the home and defendant signed the check. The wife said he did not ask her if they could resume living together and plaintiff does not contradict this. The other two occasions were meetings on the street, but never did plaintiff ask defendant if they could resume living together.

A desertion which entitles an injured and innocent spouse to a divorce is an actual abandonment of matrimonial cohabitation, with intent to desert, willfully and maliciously persisted in, without cause, for two years, and a guilty intent is manifested when without cause or consent either party withdraws from the residence of the other: Grace v. Grace, 165 Pa. Superior Ct. 336, 68 A. 2d 197; Totino v. Totino, 176 Pa. Superior Ct. 108, 106 A. 2d 881.

In order to establish a so-called "constructive desertion" as ground for divorce, the innocent spouse must show that he or she was willfully or maliciously put out of the common home by force or justifiable fear of immediate bodily harm or locked out against the will or without consent of the innocent spouse and that such a condition has persisted for two years. Such exclusion is not "constructive desertion" merely, though loosely so-called in isolated cases, it is actual

desertion and ground for divorce as such in contemplation of law: Heimovitz v. Heimovitz, 161 Pa. Superior Ct. 522, 55 A. 2d 575; Zorn v. Zorn, 382 Pa. 319, 114 A. 2d 907.

The burden is upon plaintiff to prove his case by a preponderance of clear and satisfactory evidence. See Mentser v. Mentser, 136 Pa. Superior Ct. 582, 7 A. 2d 541; Taylor v. Taylor, 142 Pa. Superior Ct. 441, 16 A. 2d 651.

A divorce based merely on a slight preponderance of the evidence, unsupported by clear proof of imperious reasons, will not be granted: Hartley v. Hartley, 154 Pa. Superior Ct. 176, 35 A. 2d 591.

Examining the evidence in the light of the standards set in the interpretations of the act of assembly by the appellate courts, plaintiff's case falls far short of that clear, satisfactory evidence required. The testimony does not establish a willful and malicious desertion.

And now, June 30, 1958, defendant's exceptions are sustained, the complaint is dismissed, costs to be paid by plaintiff.