Kowalchick *v.* Kowalchick, Appellant.

Argued April 21, 1958. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., absent).

 reargument refused October 3, 1958.

*F. J. McCloskey,* with him *McCloskey, Patrono* and *McCloskey,* for appellant.

*Sanford S. Finder,* for appellee.

OPINION BY HIRT, J., September 11, 1958:

The parties following their marriage in 1941 lived in the home of the wife's parents in California, Pennsylvania. But one room was theirs exclusively, which they used as a bedroom. The parents shared the other rooms on the first floor with them. The wife's brother occupied the whole of the second floor, with his wife and two children. The plaintiff left his wife in her parent's home on February 17, 1943. She, with her 10-year old son, the only child of the parties, has continued to live there; he has lived separate and apart

from her since the separation on the above date. This is the appeal of the wife from a decree of divorce entered by the lower court on its conclusion that the charge of desertion was sustained by plaintiff's proofs. The issue is largely one of credibility of the parties and their witnesses; on this issue the judgment of the master, who recommended that a divorce be granted, is entitled to the fullest consideration (*Hardiman v. Hardiman*, 166 Pa. Superior Ct. 434, 71 A. 2d 815) although not controlling.

For a time following the separation the defendant on a number of occasions asked the plaintiff to come back and live with her in the home of her parents. She however did not indicate a willingness to live with him at any other place. These requests therefore were no defense to the charge of desertion. A wife need not live with her husband in the home of his parents (*Latz v. Latz*, 157 Pa. Superior Ct. 329, 43 A. 2d 435) and certainly this husband, if he was ready and willing to set up a suitable separate home for her elsewhere, was not obliged to return to live with her in the home of her parents. It is the duty of a husband to provide a suitable home within his means, and his choice as to kind and location is controlling if reasonable and if exercized in good faith; in such circumstances it is incumbent on the wife to live with him there. *Fuller v. Fuller*, 158 Pa. Superior Ct. 378, 45 A. 2d 231; *Barnes v. Barnes*, 156 Pa. Superior Ct. 196, 40 A. 2d 108.

The issue in the instant case is a narrow one and is wholly of fact. The plaintiff's work, as a foreman, in some phase of a bituminous mining operation, was at Richeyville, about 9 miles from California. He testified that as early as the spring of 1946 he suggested the setting up of a home in Richeyville; that the defendant then said she did not want to associate with the kind of people who lived there, and she countered

by suggesting the purchase of a home on Penn Avenue in California. Plaintiff said the price was $15,000 and he could not afford it. The plaintiff testified that in January 1949, a month before the separation he had an opportunity to buy a modest but suitable home in Richeyville for $6,000 and they then had $4,000 in cash in a joint bank account to apply on the purchase price. Alex Remo, the owner of the house in Richeyville was called by the plaintiff and he testified that he offered to sell the house to plaintiff for $6,000 but that the negotiations ended when plaintiff reported that his wife was not willing to live in Richeyville. Plaintiff testified that his wife refused to agree to the purchase of the Remo house because as she stated, she was unwilling to leave her mother who (her father having died in the meantime) then was a widow. The plaintiff was corroborated by two witnesses, who were present at the time of the above discussion between plaintiff and his wife, whose testimony was to the same effect. The defendant categorically denied any discussion with her husband in relation to the purchase of the Remo house. She did admit however that when about one year after the marriage he suggested setting up a home in Richeyville "I told him I didn't care for the place; it was too lonesome and too far away" we assume from her parents in California.

A husband has the right to change his home if his work, his comfort, or even his convenience require it, and if the wife in this instance refused to join him in setting up a new home in Richeyville, without reasonable cause, her refusal constituted desertion which sufficiently supports the decree of divorce. *Beck v. Beck,* 163 Pa. 649, 30 A. 236; *Pfeiffer v. Pfeiffer,* 154 Pa. Superior Ct. 154, 35 A. 2d 551. From our independent review of the entire record in this case, and even without consideration of the concurring judgment of the

master, we are convinced that the issue of credibility must be decided in favor of the husband and that the wife's refusal to live with him in Richeyville throughout the statutory period amounted to desertion.

The fact that the defendant secured an order on the plaintiff for her support, more than two years after the separation, is not persuasive evidence that plaintiff was at fault. There is nothing in this record to indicate that the defense of desertion was advanced in that support proceeding. Cf. *Knode v. Knode,* 159 Pa. Superior Ct. 210, 48 A. 2d 151; *Goldman v. Goldman,* 156 Pa. Superior Ct. 413, 40 A. 2d 878.

The defendant suspected that her husband was interested in his sister-in-law who lived on the second floor of the house, and her accusations inspired by the suspicion also had something to do with his leaving her. If there was any foundation of truth in the suspicion it seems that this would have supplied the wife with another good reason for moving her household to Richeyville, and living with her husband there. She testified to only one incident compromising her husband in relation to the woman. But this testimony of seeing him with her in an automobile in 1953 (more than two years after the separation) under circumstances, however suspicious, is not a defense to the action. Even adultery committed by a husband after his right to a divorce for desertion has matured is not cause for refusing a divorce. *Spence v. Spence,* 167 Pa. Superior Ct. 248, 74 A. 2d 495. Cf. *Berezin v. Berezin,* 186 Pa. Superior Ct. 340, 142 A. 2d 741.

Decree affirmed.