## Beresin, Appellant, v. Beresin.

*Divorce—Desertion—Evidence—Sufficiency.*

In an action for divorce on the ground of desertion, a decree is properly refused, where it appeared that the parties had entered into an agreement admitting the desertion and dividing certain property, and where subsequently the libellant, although asked to do so by the respondent, had refused to live with him because he could not provide what, in her opinion, was a suitable home.

Argued October 2, 1923. Appeal, No. 32, Oct. T., 1923, by libellant, from decree of C. P. No. 3, of Phila. Co., March T., 1921, No. 1288, refusing a divorce in the case of Pauline Beresin v. Charles Beresin. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

248, (1923).]   Statement of Facts—Opinion of the Court.

Libel in divorce.   Before DA,VIS, J.

The case was referred to Harry Fox, Esq., as master, who recommended that a divorce be granted.

On exceptions to the master's report the court sustained the exceptions and dismissed the libel.   Libellant appealed.

*Error assigned* was the decree of the court.

*Samuel J. Randall,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY TREXLER, J., November 21, 1923:

The parties lived temporarily in Wilmington, Delaware.   The respondent deserted his wife on May 25, 1919. She had him arrested for nonsupport, but the case was dismissed in the Delaware court for what reason does not appear.   On the 17th of June, 1919, an agreement was entered into, in which the desertion is admitted, the demand for support alleged and the parties agree that the property of the husband in which they lived shall be conveyed to the wife together with a touring car and all the furniture and she assumes to pay $650 of his debts and give him $100 cash and release him from any claim for support by reason of their marriage.   The property conveyed less encumbrances and obligations assumed, amounted to about two thousand dollars.   Six weeks after the desertion the husband came, with his brothers to the wife's residence.   Although he did not see his wife, the brothers endeavored to effect a reconciliation, but the wife refused to come to him.   On Christmas, 1919, he came to ask his wife to come to him.   He was, at that time, according to his story, earning $30 per week. There were no children and he offered to live in a furnished room in New York with her, but she would have nothing to do with him.   Her reason for refusing to resume relations was that he had said he was tired of her

and she was afraid of bodily violence. The master recommended the divorce. The lower court came to a contrary conclusion. After carefully reading the testimony, we think that the libellant has not proved her case. It does not appear that this wife was in danger of her life before the husband left her. If she had deserted him, she could not have justified the desertion. He was tired of his wife and left her. His reason for so doing, he asserts, was her continual nagging. We think the conclusion is justified that he repented of the act of desertion. The agreement which they entered into whereby she received the property above referred to, although it may not be considered an agreement to live apart provided a modus vivendi which in the light of the quantity of the property conveyed to her which was far in excess of what was required for her immediate needs, coupled with her declaration that she would not give her husband another chance, even if he conducted himself properly, came pretty close to a consent on her part to accept the situation and close the door upon any resumption of marital relations. It must be remembered that under the circumstances the husband had two years in which to resume relations. There was nothing in this case to bar him from that privilege and we agree with the court below that the attempt on his part to resume relations seemed to be bona fide and that the desertion was not persisted in by him for that period. The attitude of the wife that she was done with him and would not give him another chance, was indefensible. The fact that he did not provide a house for her does not imply that the offer was not sincere. There are many people who under the present condition of society are compelled to live in furnished rooms and it would not have been a hardship for this woman, not having any children, to have started in that way on the promise of the husband that later on he would secure a home. There is contradiction on both sides and taking the whole testimony, we agree that the conclusion of the court below was correct.

The decree of the lower court is affirmed.