Gillespie, Appellant, *v.* Gillespie.

Argued April 25, 1941.

Before Keller, P. J., Baldrige, Stadtfeld, Rhodes, Hirt and Kenworthey, JJ.

*R. E. Anderson,* with him *J. B. McAdoo,* for appellant.

*Robert B. Ivory,* for appellee.

Opinion by Kenworthey, J., June 30, 1941:

This is an action of divorce brought by a husband against his wife on the ground of wilful and malicious desertion. After hearing testimony offered by both sides, McNaugher, J. entered a decree dismissing the libel.

The parties were married on May 6, 1938. At that time, libellant was fifty-eight and respondent forty-seven years of age. They had both been previously married

and had grown children by their first marriages. With the exception of an interval of several days in July 1938, they lived together until September 8, 1938, when respondent left libellant's home, never to return. The evidence indicated that shortly after the marriage, libellant began to regret his loss of freedom. He admitted that his loneliness following the death of his first wife in 1935, rather than any deep affection for respondent, was the inducing motive for the marriage; he admitted that upon returning after the honeymoon to his home, he experienced a certain revulsion of feeling due to the fact that he had previously lived there with his first wife; and he further admitted that following the receipt by him of an anonymous letter charging respondent with having lived before the marriage with another man with whom, in the summer of 1937, she had made a trip to Europe,[1] his feelings for respondent were completely estranged.

According to respondent, libellant's conduct toward her grew cold and unbearable immediately after he discovered, several days after their marriage, that she did not have an independent income.

The lower court refused the divorce on the ground that the desertion was justified by libellant's conduct toward respondent. Without deciding this question, in our opinion the court's action was correct for another reason.

In *Trussell v. Trussell,* 116 Pa. Superior Ct. 592, 598, 177 A. 215, in which, as here, the husband sought a divorce on the ground of desertion, this court said: "To justify a divorce in his favor, he must have been ready and willing to have her come back to him during the entire two year period. If during that time he expressed to her his reluctance or unwillingness to have her live with him, her subsequent remaining away would

---

[1] Libellant apparently made no effort to investigate and respondent denied the truth of the charge.

be excusable and not a wilful and malicious desertion."

About six months after the separation, libellant wrote a letter to respondent, in which, after suggesting a meeting to "ascertain what course we should pursue in our mutual relations," he made it clear that what he wanted to discuss was not her return, but an arrangement for a permanent separation. And, for the most part, the letter contains a list of the reasons why he preferred to have her stay away. He said, for example, "I have been alone so long now that I am reconciled to it and I have become quite self sufficient;" "I am reconciled to my lot and really want to be alone. It is so easy and restful to stay at home and not have anything to bother about;" and "As I said before I am at peace. I have adapted myself to a mode of living that has many advantages. I can now get along without any woman and I very much doubt that I could ever become reconciled to living with one."

About three months later, still within the two year period, libellant wrote a second letter in which he again suggested the "discussion of our affairs." It contains an even more eloquent argument against their resumption of the marital state. Again we quote excerpts: "How foolish it seems to stand in each other's way of developing our lives as we see fit. You want to go your way and I want to go mine without the artificial bonds that circumscribe our lives and force us to move just as though we were in a straight jacket. On account of your being so much younger than I your gain would be that much the greater;" "I am now completely self contained and prefer to live alone just as I am;" "...... for the short time that is left to me I just want to be let alone;" "I am thoroughly convinced that our union was a mistake and that we could not adapt ourselves to each other nor be happy together;" and finally, "But more and more the fact is impressed upon me that the best and only thing for us to do is to no longer stand in each other's way but to separate as soon as

580

possible. If you are of the same mind as I—and your past actions would indicate that you are—I shall take steps at an early date to have our wedding annulled."

It would be difficult to conceive of a case in which the deserted spouse had, by his conduct, more clearly removed from the desertion the necessary element of wilfulness and maliciousness.

The decree is affirmed, costs to be paid by appellant.