Latz, Appellant, *v.* Latz.

330

Argued April 19, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*W. T. Corbett,* for appellant.

*Louis Rosenfield,* with him *George Little,* for appellee.

OPINION BY HIRT, J., July 19, 1945:

This is the third action in divorce brought by libellant. Each of the other two was discontinued when the respondent indicated that there would be a contest. Libellant is in Military Service and respondent is receiving an allotment from his pay; that may be his reason for prosecuting this action and this appeal from the order dismissing his libel. But whatever libellant's motive, it is clear that even on his own testimony he is not entitled to a divorce.

The parties were married in 1927. They had lived together in the home of libellant's parents for one year prior to the first separation in February 1933. There was a reconciliation and a final separation in June of the same year. Libellant admitted at a hearing in a non-support proceeding, brought shortly thereafter, that respondent there expressed a willingness to come back to him that he refused the offer. And at the hearing in this case he said: "I wasn't willing to have her come back ...... the second time I wasn't willing to live with her." That has been his attitude since the final separa-

tion. He complains of conduct on her part as some justification for his refusal to continue the marriage relationship. But even on his own testimony there were no more than quarrels for which they were both to blame and conduct on her part which was invited by his treatment of her. Cf. *Urffer v. Urffer*, 154 Pa. Superior Ct. 379, 35 A. 2d 580. It is significant that although libellant charged cruel and barbarous treatment, indignities, and desertion, in his libel, at the trial it was agreed that the case should proceed on the charge of desertion only. He did not attach enough importance to her prior conduct, as a reason for refusing to resume marital relations, to press the charge of indignities and if he had, we would be bound to say that the testimony is insufficient to sustain that charge.

Respondent's testimony, and we accept it as credible, is that she was ordered out of the house in February 1933 by libellant and that she left him finally in June 1933 when he refused her request to provide a home separate and apart from his parents. This he was bound to do even if he were willing to preserve the marriage, before he could charge her with desertion. *Duchossois v. Duchossois*, 139 Pa. Superior Ct. 1, 10 A. 2d 824.

In any view of the testimony this case was properly decided by the court below.

Decree affirmed.