## Cobaugh, Appellant, *v.* Cobaugh.

Argued December 13, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*W. Bradley Ward,* with him *Lemuel B. Schofield* and *Charles G. Gartling,* for appellant.

*George D. Kline,* with him *James W. Brown, Jr.,* and *William N. Trinkle,* for appellee.

OPINION BY RENO, J., March 4, 1947:

Appellant sued his wife for a divorce alleging indignities and a desertion on July 1, 1937. The master found against appellant, and the court below refused a decree, and dismissed the libel. Here and in the court below appellant abandoned the charge of indignities, and relied solely upon the averment of desertion.

The parties separated on August 14, 1934, when appellant left the common domicile. His allegation of indignities having been overruled, appellant now concedes that his separation would have entitled his wife to a divorce for desertion at the expiration of the statutory period of two years. The charge of desertion is based upon his alleged bona fide offer of reconciliation on July 1, 1937, more than two years after the separation and after the wife's right to a divorce had accrued, and was complete. That is, he rests his case upon the novel legal proposition that an offer of reconcilation, hitherto recognized only as a defense to a charge of desertion and then only if made before the expiration of the two-year period, will support a divorce for desertion even when the offer was made and refused after the lapse of two years.

In respect to the offer of July 1, 1937, and subsequent offers, the master reported: "It appears to the Master that these offers, if they were made, were considerably weakened by what had preceded them, and that in the face of a positive denial of the respondent that such offers of reconciliation were ever made, the case must fall on this issue." The court stated: "However, we may add our approval of the Master's view that . . . the testimony with reference to the alleged offer to return was not convincing and hardly measured up to the degree and substance of proof required in such cases." Nevertheless, the court considered the question of law raised by appellant, and decided it adversely to him.

We do not decide cases in vacuo. Courts decide only the law applicable to the actual facts found by the fact-finding tribunal. *Cohens v. Virginia,* 6 Wheaton 264, 5 L. Ed. 257; *Kenin's Trust Est.,* 343 Pa. 549, 23 A. 2d 837. Unless the factual situation and the decision of subsidiary problems relating to the evidence distinctly compel judgment upon the ultimate legal problem, the opinion of a court is mere dicta and purely advisory. Our independent examination of the evidence has pro-

duced the conviction that the report of the master, approved by the court below, touching the offer of reconciliation and its bona fides, is amply supported by the testimony, and therefore we do not reach appellant's legal contention.

Although appellant frequently saw and conversed with his wife after the separation, on which occasions he expressed no desire to resume marital relations, the offer of July 1, 1937, was communicated by telephone. With appellant, as he telephoned, was a Mrs. Wieser, a tenant occupying the third floor apartment of the home which appellant owned and in which he lived. His testimony was corroborated by her, but naturally she did not and could not know that respondent had answered the call, nor what she said. Moreover, her credibility was seriously impeached when she swore that she and appellant never went out together socially, and he testified that they had gone automobiling and visited tap rooms together. The respondent denied the conversation. We put to one side the question of the sincerity of an offer made via telephone between parties residing in the same city, and in the presence of a witness called for that purpose. Cf. *Wilhelm v. Wilhelm,* 130 Pa. Superior Ct. 143, 197 A. 496. The burden of proving the offer and its good faith was upon appellant, and where the testimony of the husband, denied by the wife, creates only "a doubtful balance of evidence", we are obliged to hold that libellant fails to make out a clear and satisfactory case. *Esenwein v. Esenwein,* 105 Pa. Superior Ct. 261, 161 A. 425; *Wilhelm v. Wilhelm,* supra.

The testimony concerning subsequent offers, if relevant to an allegation of desertion on July 1, 1937, stand upon the same footing. The master and the court below found that it did not establish offers in good faith, and our study of all the evidence brings us to the same conclusion.

Decree affirmed.