Mailander, Appellant, v. Mailander.

Argued March 5, 1951. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross, Arnold and Gunther, JJ.

*Warren S. Spalding*, with him *Frank Slattery, Jr.*, for appellant.

*Arthur Silverblatt*, with him *Roscoe B. Smith*, for appellee.

Opinion by Rhodes, P. J., April 10, 1951:

This action of divorce was instituted by the husband, Herman Mailander, against his wife, Helen M. Mailander, upon the ground of desertion. Respondent filed an answer to the libel[1] in which she set forth that she was forced to leave the common home because of libellant's cruel and barbarous treatment and indignities to her person. She also alleged that notwithstanding his prior conduct she had made frequent at-

---

[1] This action was instituted prior to the effective date of the Rules of Civil Procedure relating to actions of divorce. Appendix 12 PS, Rules 1121-1136.

tempts at reconciliation shortly after the separation. The master who heard the testimony recommended a decree of divorce. The court below sustained the exceptions to the master's report and dismissed the libel for the reasons that libellant refused respondent's frequent efforts of reconciliation during the ensuing two years after the separation, and that libellant stated openly in court in her presence within the two-year period that he would not take her back under any circumstances. Libellant has appealed.

The parties were married on April 14, 1924, and thereafter lived as husband and wife in Kingston, Luzerne County, until December 18, 1943, when respondent left the common home. Respondent testified that she made several attempts at reconciliation with her husband, and that he refused to become reconciled. Libellant denied that any offers of reconciliation had been made. However, on May 18, 1944, libellant appeared before the Court of Quarter Sessions of Luzerne County on a charge of nonsupport which had been brought by respondent; and a support order was made. Libellant admitted at the hearing in that proceeding that he refused to have her return to him. He testified before the master in the present proceeding as follows: "Q. Did you make any attempt to get her back? A. Not at all; I wouldn't trust her any more after that. Q. And in May when you had the non-support hearing you said you refused to take her back? A. That's right." See *Latz v. Latz*, 157 Pa. Superior Ct. 329, 43 A. 2d 435.

Libellant contends that respondent made no bona fide offer to return as she did not offer to return certain furniture and personal property which she had removed from the common home. Even if that were accepted as a prerequisite to a bona fide offer of reconciliation on the part of respondent, it appears that such an approach was rejected by him during the hearing

in the nonsupport proceeding. In the present case libellant testified: "Q. . . . Were you not asked at that hearing [nonsupport hearing] this question by Mr. McGovern: 'Now Mr. Mailander, if your wife takes all that stuff back in the house, will you take her back in the house and treat her properly and support her properly'? A. Yes. Q. . . . And did you answer, 'She has always been supported'? A. That's right. Q. Were you not asked this question: 'Answer that question without quibbling.' And did you answer: 'Not after she lied to me and done things she done to me'? A. That's right. Q. And were you not asked this question: 'What is your answer'? And did you not answer: 'I am not taking her back, under the conditions'? A. That's right, that's right, that's right." Libellant made it clear that under no circumstances would he have taken her back.

Within the two-year period, that is on January 22, 1945, respondent wrote libellant a letter, which he denies having received, in which she again asked that she be permitted to return home. We accept, as did the court below, respondent's testimony as to her attempts at reconciliation and the resumption of marital relations with libellant. Libellant's testimony is confirmatory of her efforts.

Consequently, we are of the opinion that from the record before us libellant has failed to establish desertion on the part of respondent. To justify a divorce in his favor on such ground he must have been ready and willing to have respondent come back to him during the entire two-year period after the separation. In the first place, it appears to us that respondent, in good faith, sought reconciliation after separating herself from her husband within that period, and that such offers were not accepted by libellant. Secondly, he clearly expressed to her within the statutory period his unwillingness to have her return and live with him.

It follows that her subsequent remaining away was excusable and not a willful and malicious desertion. *Trussell v. Trussell,* 116 Pa. Superior Ct. 592, 598, 177 A. 215; *Gillespie v. Gillespie,* 145 Pa. Superior Ct. 577, 20 A. 2d 832.

The decree dismissing the libel is affirmed.