374

Commonwealth ex rel. Hayes, Appellant, *v.*
Hayes.

Submitted December 11, 1961. Before RHODES, P. J.,
ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*David Zwanetz,* for appellant.

*Wm. Vincent Mullin,* for appellee.

OPINION BY MONTGOMERY, J., March 21, 1962:

This is an appeal from an order vacating a prior agreed support order and dismissing the wife's petition to reduce to judgment the arrearages which had accrued thereon.

The parties were married on June 12, 1954, when the husband was 52 years of age and the wife past 57. It was the second marriage for both parties. They lived together for a period of only 53 days until August 4, 1954, when the husband left the wife for the reason, as alleged by him, that he discovered she was being treated for syphilis. Since that date he has never cohabited or had any marital relations with her.

On September 29, 1954, the husband filed a complaint in divorce on the grounds of fraud in the procurement of the marriage, indignities to the person, and cruel and barbarous treatment. The master recommended dismissal of his complaint and was upheld by the court.

On December 12, 1956, the wife filed a petition for support which resulted, pursuant to an agreement, in a support order dated January 31, 1957, against the husband in favor of the wife in the sum of $12.50 per week.

On September 17, 1957, a petition for attachment was granted and the husband was committed for 30 days to the House of Correction in default of payment of $150 arrears.

On March 20, 1959, arrearages on the order in the sum of $1,337.50 were reduced to judgment, and the husband's petition to vacate the order was dismissed. On the same day an attachment against the husband was issued which was dismissed on February 26, 1960, upon his payment of $200.

On May 26, 1961, the wife petitioned to have the arrearages accruing after March 20, 1959, in the sum of $1,750 also reduced to judgment. The husband also presented his petition to vacate the support order as of October 29, 1958,[1] when, he alleges, his wife became reconciled with him and immediately deserted him. A hearing on the petitions resulted in the order from which this appeal was taken.

The question to be decided here is whether a willful and malicious desertion on the part of the wife has been established which would disqualify her from claiming additional support from her husband.

From the evidence taken at the hearing on October 29, 1958, it appears that the husband, on several occasions, tried to persuade his wife to resume their marital status. At that hearing both parties expressed themselves as willing to resume cohabitation, and the case was continued for six weeks, at the expiration of which it was further continued by agreement of counsel. At the later hearing, on May 26, 1961, the husband testified that immediately after the hearing on October 29, 1958, at which he contends there was an agreement of reconciliation, the wife refused again to return to him. He further testified that about a week later his wife wanted an apartment, which he found and called her to see, but she never arrived.

---

[1] This was the original hearing on her petition to reduce arrears to judgment and his petition to vacate order and remit arrears, which resulted in the order of March 20, 1959, granting her petition for judgment.

The court below was of the opinion that the wife had shown no desire for cohabitation despite her agreements and the repeated requests by the husband that she resume cohabitation. It concluded that her reneging on her alleged agreement of October 29, 1958, to resume marital life constituted a desertion on her part within the meaning of the Divorce Law.

After a complete review of the record we are of the opinion that the finding and conclusion of the court below, that there was a desertion on the part of the wife, cannot be sustained. Considering the support order agreed upon by the parties subsequent to the petition of December 12, 1956, the later attachment by which the defendant was committed to the House of Correction, and the entering of the judgment for arrearages on March 16, 1959, upon which an attachment was issued but dissolved when the husband paid $200 on February 26, 1960, it is evident that the husband was chargeable with willful and malicious desertion which persisted from and before December 12, 1956, until and beyond February 26, 1960. Evidence of a support order is evidence of a prior desertion, although it may be overcome by countervailing proof. *Cowher v. Cowher,* 172 Pa. Superior Ct. 98, 91 A. 2d 304; *Copeland v. Copeland,* 155 Pa. Superior Ct. 102, 38 A. 2d 364; *Mertz v. Mertz,* 119 Pa. Superior Ct. 538, 180 A. 708; *Loughney v. Loughney,* 111 Pa. Superior Ct. 214, 169 A. 460. The record is devoid of such countervailing proof in this case. On the contrary, the husband's attempt to permanently separate himself from his wife by instituting a divorce action, which was contested by the wife and dismissed by the court, is evidence that his separation from his wife was without legal or justifiable cause. *Clark v. Clark,* 172 Pa. Superior Ct. 5, 92 A. 2d 236. Therefore, since the husband was guilty of a willful and malicious desertion exceeding in duration the statutory period of two years,

the wife was under no duty or obligation to accept his offers of reconciliation. *Mailander v. Mailander,* 168 Pa. Superior Ct. 546, 79 A. 2d 805; *Cobaugh v. Cobaugh,* 160 Pa. Superior Ct. 362, 51 A. 2d 354. In *Beresin v. Beresin,* 82 Pa. Superior Ct. 248, cited by Judge GILBERT of the lower court, the offer of reconciliation was made by the deserting husband within two years after his departure. It is, therefore, not in point.

The question remains of whether the wife did in fact reconcile with the husband. We are of the opinion that an actual reconciliation was never effected by the parties.[2] Although the wife apparently indicated her willingness to become reconciled while before the lower court, her expression of willingness left much to be accomplished. Undoubtedly it was for the purpose of seeing whether an actual reconciliation had taken place that the lower court relisted the case for a later hearing. In fact there was no resumption of cohabitation or marital relationship, and since the wife had no obligation to accept an offer of reconciliation by the husband, his status as a willful and malicious deserter remained unchanged. There is no basis in law or fact for finding a desertion on the part of the wife, and the lower court therefore erred in refusing to reduce the arrearages to judgment and in vacating the support order for that reason.

Order reversed; the agreed order of support entered January 31, 1957, is reinstated and the record is remitted to the court below for the entry of judgment for arrearages properly due as of May 26, 1961, and

---

[2] Apparently the lower court at one time thought so too, since it gave her a judgment for arrearages up to and including March 16, 1959, and held him in contempt as of February 26, 1960, on which date his attachment was dismissed. This contradicts any finding of a reconciliation as of October 29, 1958.

such further action as may be required not inconsistent with this opinion.

WRIGHT, J., would affirm on the opinion of Judge GILBERT for the court below.